HOUSTON, Justice
(concurring in the results reached but dissenting as to the reasoning of the main opinion).
In what’ can most charitably be described as obiter dicta, the Court is judicially legislating.
Alabama Code 1975, § 17-22A-21, which is part of the Fair Campaign Practices Act, provides:
“A certificate of election or nomination shall not be issued to any person elected or nominated to state or local office who shall fail to file any statement or report required by this chapter.”
(Emphasis added.)
Alabama Code 1975, § 17-22A-2(7), part of the “Definitions” section of the Fair Campaign Practices Act, provides this definition:
“LOCAL OFFICE. Any office under the constitution and laws of the state, except circuit, district or legislative offices, filled by election of the registered voters of a single county or municipality, or by the voters of a division contained within a county or municipality.”
Section 17-22A-21, after the sentence quoted above, continues with the following *811 sentence, which has absolutely nothing to do with the resolution of this case:
“A certificate of election or nomination already issued to any person elected or nominated to state or county office who fails to file any statement or report required by this chapter shall be revoked.”
(Emphasis added.)
Section 17-22A-21 means what it says, and the term “local office” is specifically defined in the definitions section of the Fair Campaign Practices Act; and the word “county,” instead of the defined phrase “local office,” is used in the second sentence of § 17-22A-21. The number of counties and their names are set out in Ala.Code 1975, § 11-1-1; “the City of Orange Beach” is not among them.
Why the difference in the use of words in the first and second sentences? That is the business of the Alabama Legislature, because I find nothing in the statute or in Act No. 88-873, Acts of Alabama 1988, that indicates that the Legislature inadvertently omitted the words “local office” or inadvertently added the word “county.” However, the last sentence of § 17-22A-21 has absolutely nothing to do with the resolution of this case, and why this Court feels compelled to rewrite that sentence is beyond my comprehension.
I am not persuaded that § 17-22A-21 is unworkable or unjust. It worked remarkably well for the trial judge, who followed the direction of the first sentence of § 17-22A-21 and ordered that the certificate of election not be issued to the person elected who had failed to file the statement or report required to be filed by the Fair Campaign Practices Act.
The main opinion, again in dicta, states that “the nonperformance of the duty mandated by § ll-46-55(a)” may not be compelled judicially. 689 So.2d at 805. Whether that is correct or not is irrelevant, for there is another duty, arising subsequent to the duty imposed by Acts of Alabama 1982, No. 82-458 (which was last amended by § 11 — 46—56), and that is the duty imposed by Act No. 88-873 — that “[a] certificate of election ... not be issued to any person elected ... to ... local office who shall fail to file any statement or report required by this chapter.” (Emphasis added.) Section 24 of Act No. 88-873 provides, in pertinent part, that “all laws and parts of laws in conflict herewith are hereby repealed.” Therefore, to the extent that § ll-46-55(a) compelled a municipal governing body to forthwith issue a certificate of election to the candidate in each race who received the most votes, it was repealed or superseded if the candidate who received the most votes had not filed any statement or report required by the Fair Campaign Practices Act. The trial court required the municipal governing body of Orange Beach to withhold certification of candidates who did not file the required reports. In doing so, it did not err.
The per curiam opinion purports to overrule City of Talladega v. Pettus, 602 So.2d 357 (Ala.1992). That opinion interprets § 17-22A-21 in the only way that it can be interpreted without violating the separation of powers doctrine and judicially legislating. If the legislature meant for “county” to mean “local office,” it can amend § 17-22A-21 by substituting “local” for “county” in the second sentence. This has nothing to do with this case, because Jerry Davidson, who was certified mayor by the municipal governing body of Orange Beach, had not failed to file the reports required by the Fair Campaign Practices Act, so far as I can ascertain from the record. Therefore, the last sentence of § 17-22A-21 has no field of operation in the facts before this Court.
The trial court did err in directing the municipal governing body of Orange Beach to certify Jerry Davidson. Until all election contests have been finally adjudicated, there is a vacancy in the office of mayor of Orange Beach, which the city council had the right and duty to fill pursuant to Ala.Code 1975, § lH3-42(b). I agree with the main opinion that nothing in the Fair Campaign Practices Act or other parts of the Alabama Code would prohibit the city council from appointing Bert Krages or, for that matter, Jerry Davidson, or any other qualified elector in Orange Beach who meets the qualifications required by law for the performance of the duties of the office of mayor.
*812 I also agree that the city council had the right and duty to fill any vacancy in the office of alderman pursuant to § 11-43-41.
HOOPER, C.J., and MADDOX, J., concur.